FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 22, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LESLEE H., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY <br><br> Defendant. | No. 2:19-CV-00389-JTR <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 16, 23. Attorney Victoria Chhagan represents Leslee H. (Plaintiff); Special Assistant United States Attorney Martha Boden represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

## JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on February 16, 2016, alleging disability since April 1, 2014, due to problems with her back, hips, neck, and migraines. Tr. 86-87. The applications were denied initially and upon reconsideration. Tr. 157-63, 168-81. Administrative Law Judge (ALJ) Stephanie Martz held a hearing on June 12, 2018, Tr. 37-68, and issued a partially unfavorable decision on October 10, 2018. Tr. 16-30. Plaintiff requested review by the Appeals Council. Tr. 230-32. The Appeals Council denied Plaintiff's request for review on September 17, 2019. Tr. 1-5. The ALJ's October 2018 decision thus became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 13, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1963 and was 50 years old as of her alleged onset date. Tr. 86. She has her high school equivalency degree and certification as a nurse assistant. Tr. 50, 257. She has not worked since 2001, and was on disability benefits from 2004-2014. Tr. 51-52, 74, 242.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

///

///

## ADMINISTRATIVE FINDINGS

On October 10, 2018, the ALJ issued a decision finding Plaintiff was not disabled prior to October 1, 2018, but became disabled on that date.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 19.

At step two, the ALJ determined Plaintiff did not have any severe medically determinable impairments prior to her date last insured on September 30, 2014, and was therefore not eligible for disability insurance benefits. Tr. 19-20. With respect to her application for supplemental security income filed in February 2016, the ALJ found Plaintiff had the following severe impairments: anxiety disorder, substance use disorder, degenerative disc disease (cervical, thoracic, and lumbar), carpal tunnel syndrome, and mild hip arthritis. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-22.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform light exertion level work with the following limitations:

> The claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently. She can sit about 6 hours and stand and/or walk about 6 hours in an 8-hour day with regular breaks. The claimant has unlimited ability to push/pull within these exertional limitations. She must avoid concentrated exposure to extreme cold, extreme heat, vibration, fumes, odors, dusts, gases, poor ventilation and hazards. The claimant can frequently handle and finger. She can understand, remember, and carry out simple as well as routine or repetitive tasks. The claimant can accept instructions from supervisors. She can work with a small group of co-workers and have brief superficial contact with them. The claimant cannot work with the general public. She needs a routine and predictable work routine with few changes.

Tr. 22-23.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 27.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

At step five the ALJ found, considering Plaintiff's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of mail room clerk, housekeeping cleaner, and marking clerk. Tr. 28.

Applying the medical vocational age categories non-mechanically, the ALJ found Plaintiff changed age categories on October 1, 2018, becoming an individual of advanced age, and thus met the statutory definition of disability on that date under the Medical-Vocational Guidelines. Tr. 27-29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through October 1, 2018, but became disabled on that date. Tr. 30.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) adjudicating a period of time during which Plaintiff had already been found disabled; and (2) rejecting medical source opinions limiting her to less than a full range of sedentary work.

## DISCUSSION

**1. Medical Opinion Evidence**

Plaintiff asserts the ALJ improperly rejected the medical opinion evidence from consultative examiner Dr. Drenguis and treating provider Dr. Schreiber and gave undue weight to other opinion evidence. ECF No. 16 at 5-11.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons" to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard

can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### a. Dr. Drenguis

Following the hearing, Plaintiff attended a consultative physical exam with Dr. William Drenguis. Tr. 889-94. Dr. Drenguis diagnosed Plaintiff with degenerative changes of the lumbar spine, right shoulder impingement syndrome, left carpal tunnel syndrome, right hip tenderness, and bilateral intentional tremor of the hands. Tr. 893-94. He opined she was capable of standing and walking for at least two hours, sitting at least four hours, and could lift and carry twenty pounds occasionally and ten pounds frequently. Tr. 894. He stated she needed a cane for all distances and terrain, other than in her home; could occasionally engage in postural activities; and was limited in reaching with her right arm and manipulating with her left hand. *Id.*

The ALJ gave this opinion limited weight, noting Dr. Drenguis' observation of gait difficulties was inconsistent with other examinations showing normal gait, and finding the manipulative limitations assessed to be inconsistent with other exam findings showing intact sensory functioning and coordination. Tr. 26-27. The ALJ also noted that Dr. Drenguis' limitations suggested that Plaintiff would be bedridden during the day, which was not supported by medical evidence. *Id.*

Plaintiff argues the contrary records regarding gait and manipulative abilities are insufficient to undermine Dr. Drenguis' opinion, as his assessed limitations were based on multiple other factors, including imaging, nerve conduction tests, and other objective findings on exam. ECF No. 16 at 8-10. She further asserts that nothing in Dr. Drenguis' report either directly or indirectly indicates he thought

Plaintiff was bedridden. *Id.* at 9. Defendant counters that the ALJ reasonably considered the opinion's consistency with the record and resolved conflicts and ambiguities in the evidence. ECF No. 23 at 4-7.

The Court finds the ALJ's analysis to be insufficient. While the ALJ is correct that the record contains some notations of Plaintiff having a normal gait, this does not negate Dr. Drenguis' observation of abnormal gait, along with the various other objective findings he documented, including poor heel and tandem walking, her inability to perform a squat, limitations in the range of motion in her back, decreased sensation to pinprick in her thighs, tenderness and spasms in her lumbar spine, and tenderness in her hip. Tr. 892-93. Dr. Drenguis also reviewed imaging showing severe degenerative changes in Plaintiff's spine and degenerative joint disease in her hips. Tr. 889. The Court finds the notations of normal gait at times throughout the record do not constitute substantial evidence to negate the objective justifications cited by Dr. Drenguis.

Similarly, the ALJ cited to a visit with ARNP Melissa Covenant noting intact sensory functioning and coordination as evidence contrary to Dr. Drenguis' assessed manipulative limitations. Tr. 26-27 (citing Tr. 450-51). The Court finds this single visit over two years prior to Dr. Drenguis' exam does not constitute substantial evidence. At the visit with Ms. Covenant, Plaintiff was seeking care for chronic pain in her hips, back, and neck, along with migraine headaches. Tr. 449. The physical exam documents no abnormalities of the hands and documents intact sensation and coordination, but it does not clearly reflect any specific exam of the hands. Tr. 450-51. Dr. Drenguis specifically noted objective observations of Plaintiff's hands and arms, including a moderate tremor in both hands and reduced grip strength and sensation in the left hand. Tr. 892-93. He also reviewed the nerve conduction study that was performed months after Ms. Covenant's exam, showing severe medial nerve neuropathy on the left and moderate median nerve neuropathy

on the right. Tr. 889. The evidence cited by the ALJ does not constitute substantial evidence contrary to Dr. Drenguis' opinion.

Finally, the Court agrees with Plaintiff that Dr. Drenguis' opinion does not imply Plaintiff is bedridden. The report simply comments on her ability to engage in work-related activities throughout a workday. The opinion does not comment on Plaintiff's ability to lay down, recline, change position, or engage in other non-work-related activities throughout the remainder of the day.

On remand the ALJ will reconsider the opinion provided by Dr. Drenguis.

### b. Dr. Schreiber

In March 2018, Plaintiff's treating doctor Nathan Schreiber completed a disability exam for the state Department of Social and Health Services. Tr. 819-21. He noted Plaintiff's impairments caused moderate interference with her performance of work-related activities and opined she was limited to sedentary work. Tr. 820-21.

The ALJ gave this opinion little weight, noting it was inconsistent with other opinions in the record and not supported by Dr. Schreiber's own examination findings. Tr. 26.

Plaintiff argues the ALJ's rationale was insufficient, as Dr. Schreiber had access to Plaintiff's treatment record, including other exam findings, and found the evidence consistent with sedentary work. ECF No. 16 at 11. Defendant argues the ALJ appropriately considered the opinion's consistency with other opinions and the doctor's own exam findings. ECF No. 23 at 7-8.

It is appropriate for an ALJ to consider the supportability and consistency of an opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c). However, as this claim is being remanded for the reevaluation of other medical evidence, the ALJ shall also reconsider Dr. Schreiber's opinion.

///

///

**2.     Prior disability finding**

Plaintiff alleges the ALJ erred by adjudicating a period of time where Plaintiff was already found disabled based on her prior application for benefits. ECF No. 16 at 4-5. She argues benefits were terminated in June 2015, and thus the ALJ's decision that Plaintiff was not disabled as of the alleged onset date in April 2014 is inconsistent with a prior determination. *Id.* Defendant does not address this argument in his briefing. ECF No. 23.

The Court finds the ALJ did not adjudicate a period during which Plaintiff was previously found disabled, but did err in failing to consider the prior allowance. The record indicates Plaintiff was previously found disabled as of November 1, 2004, based on severe impairments including degenerative disc disease, right shoulder impairment, adjustment disorder, and personality disorder. Tr. 75-83. She was limited to sedentary work and had mental limitations, including a marked limitation in the ability to relate appropriately to coworkers and supervisors, which resulted in a step five allowance. Tr. 80-82. In 2010 her claim was reviewed, and disability benefits were continued. Tr. 69. In 2013 the claim was reviewed again, and resulted in benefit termination, effective December 13, 2013. Tr. 74.  Due to agency policy, benefits were continued for several months following the end of the disability. *Id.* In the present claim, Plaintiff's attorney indicated that the alleged onset date of April 1, 2014 was selected as that was the first month for which she had not already received benefits. Tr. 47. There is conflicting information throughout the file as to the exact reason Plaintiff's benefits were terminated, with the agency documentation appearing to indicate medical improvement (Tr. 74) and Plaintiff being under the impression that technical and administrative reasons were at the root of the termination. Tr. 47, 52, 437.

While an ALJ is not required to address every piece of evidence in the decision, she must explain why significant probative evidence has been rejected.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

*Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984). In evaluating an ALJ's decision, the Court must consider "the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). By failing to address the prior award of disability and disregarding all evidence that pre-dated the alleged onset date, and thus finding no severe impairments prior to the date last insured, the ALJ's decision appears to conflict factually with the prior decade of benefits that Plaintiff received. While conditions and symptoms may wax and wane, the Court finds it difficult to accept that Plaintiff could have suffered from degenerative disc disease severe enough to justify limiting her to sedentary work for 2004-2013, improve to the point of having no severe impairments in 2014, and then again have severe degenerative disc disease as of 2016. On remand, the ALJ will consider the prior allowance, along with any evidence of the basis for benefit termination and any records from the prior file that are relevant to the current claim.

## CONCLUSION

The ALJ's RFC determination is not supported by substantial evidence and must be reevaluated. On remand, the ALJ shall reevaluate the medical evidence and evidence of Plaintiff's prior receipt of benefits, taking into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 23**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.     An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED December 22, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 11